STATE OF NORTH CAROLINA v. HENRY SPENCER COVINGTON, III, AND JOHN DAVID CUMMINGS.

(Filed 11 May, 1966.)

**1. Criminal Law § 136—**

Where the court finds upon competent evidence that defendant had wilfully violated the conditions upon which sentence in a criminal prosecution had been suspended, the court's order activating this suspended sentence must be affirmed.

**2. Criminal Law § 159—**

An assignment of error not brought forward and discussed in the brief is deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**3. Automobiles § 85; Criminal Law § 16—**

The unlawful taking of an automobile in violation of G.S. 20-105 is a misdemeanor, and in those instances in which inferior courts are given exclusive original jurisdiction of misdemeanors in a county named in the proviso to G.S. 7-64, the Superior Court is without original jurisdiction of the offense, and when the prosecution for the offense originates by indictment in the Superior Court its judgment is a nullity.

**4. Criminal Law § 139—**

Where the record proper discloses that defendant was tried for a misdemeanor upon indictment originating in the Superior Court in an instance in which an inferior court has exclusive original jurisdiction, the fatal lack of jurisdiction appears on the face of the record, and the Supreme Court will take notice thereof *ex mero motu* and arrest the judgment.

**5. Criminal Law § 121—**

The legal effect of arrest of judgment for a fatal defect of jurisdiction is to vacate the verdict and judgment, but defendants can thereafter be tried in a court having jurisdiction over the offense.

MOORE, J., not sitting.

APPEAL by defendants from *Shaw, J.*, 24 January 1966 Mixed Session of GUILFORD—Greensboro Division.

Criminal prosecution of Covington on two indictments. The first indictment charges him with larceny from the person of John Henry Oldham of personal property of Oldham of the value of $124. The second indictment contains three counts: The first count charges him with the larceny of an automobile of the value of $1,300, the property of John Henry Oldham; the second count charges him with receiving the said automobile knowing it to have been stolen; and the third count charges him with the unlawful taking of the said automobile, a violation of G.S. 20-105, and a misdemeanor. Criminal prosecution of Covington also on a warrant charging him with simple assault on John Henry Oldham, he, the defendant, being a male person over 18 years of age, heard *de novo* on appeal from a conviction and judgment against him in the municipal-county court, criminal division, Greensboro, Guilford County.

Criminal prosecution of defendant Cummings on two indictments charging him with the identical offenses charged against defendant Covington.

Each defendant was an indigent and was represented by court appointed counsel. All of these cases were consolidated for trial. Each defendant entered a plea of not guilty to all the charges against him.

At the close of the State's evidence, each defendant moved for a judgment of compulsory nonsuit. The court denied such motion by each defendant, except that it is stated, "the Court will submit to the jury the charge of Temporary Larceny of Automobile, said offense having been alleged in the Bill of Indictment."

Verdict as to defendant Covington: Not guilty of larceny from the person; guilty of an assault; "Guilty of Temporary Larceny of Automobile as defined in G.S. 20-105:" Verdict as to Cummings: Not guilty of larceny from the person; "Guilty of Temporary Larceny of Automobile as defined in G.S. 20-105."

It appears from the record that on 6 December 1963 defendant Covington, in the domestic relations court in Greensboro, entered a plea of guilty to the crime of contributing to the delinquency of a minor (at another place in the record it states he was found guilty of this offense), and was sentenced to imprisonment for a term of two years. This term of imprisonment was suspended, and defendant was placed on probation for a period of five years on certain specified conditions. At a hearing in the domestic relations court on 19 November 1965 the presiding judge found that defendant had wilfully violated the conditions of probation in nine instances, revoked probation, and activated the two-year sentence of imprisonment.

Defendant appealed to the Superior Court. Upon the coming in of the verdict against defendant Covington, Judge Shaw heard *de novo* the appeal of defendant Covington from the activation of the road sentence, made detailed findings of fact to the effect that defendant Covington had wilfully violated the conditions of probation, approved the order of the judge of the domestic relations court, revoked probation, and activated the two-year sentence.

From a judgment on the assault charge that defendant Covington be imprisoned for a term of 30 days, said sentence to run concurrently with the two-year sentence of imprisonment given him for contributing to the delinquency of a minor which has been activated, and from a judgment that defendant Covington be imprisoned for a term of 12 months for the unlawful taking of an automobile, a violation of G.S. 20-105, said sentence to run concurrently with the two-year sentence of imprisonment given him for contributing to the delinquency of a minor which has been activated, defendant Covington appeals. From a judgment of imprisonment for 8 months for the unlawful taking of an automobile as defined in G.S. 20-105, defendant Cummings appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*
*Benjamin D. Haines for defendant appellants.*

PARKER, C.J. Defendants, who are indigents, were allowed to appeal *in forma pauperis,* and are represented here by court appointed counsel.

Defendant Covington excepted to Judge Shaw's entering a judgment revoking probation and activating the sentence of imprisonment imposed upon him for contributing to the delinquency of a minor. Judge Shaw at the hearing before him found as facts from competent evidence presented to him that defendant Covington had willfully violated the conditions of probation upon which a term of imprisonment was imposed upon him for contributing to the delinquency of a minor, and properly revoked probation and activated the sentence of imprisonment.

Each defendant assigns as error the denial of his motion for judgment of nonsuit. However, this assignment of error by each defendant is not brought forward and discussed in their joint brief. Therefore, it is deemed to be abandoned by each defendant. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783, 810; *S. v. Strickland,* 254 N.C. 658, 119 S.E. 2d 781.

We have carefully examined the assignments of error in respect to the admission of evidence over the objections and exceptions of

defendants and their assignments of error to the charge. Prejudicial error is not shown.

The revocation of the order of probation and activation of the sentence of imprisonment against Covington is affirmed. In the trial of Covington on the assault charge we find no error.

The record before us shows the charge in the indictment against each defendant of the unlawful taking of an automobile in violation of G.S. 20-105 originated in the Superior Court of Guilford County.

The municipal-county court, criminal division, Greensboro, Guilford County, is a court of limited jurisdiction and has "original, exclusive and final jurisdiction of all violations of the ordinances of the city of Greensboro and of all criminal offenses below the grade of felony, as defined by law . . .," committed within Guilford County, "except the Townships of High Point, Jamestown and Deep River." 1955 Sessions Laws, Ch. 971, sec. 3(a), (b), (1). The Legislature, in the exercise of its discretion, has denied to the superior court sitting in the counties named in the proviso to G.S. 7-64 the right to exercise concurrent jurisdiction with inferior courts in the trial of misdemeanors. Guilford County is named in the proviso to G.S. 7-64. Because of the limitation so imposed on the jurisdiction of the Superior Court of Guilford County, it could not exercise original jurisdiction of the unlawful taking of an automobile, a violation of G.S. 20-105, which is a misdemeanor. If the defendants are to be prosecuted for a violation of G.S. 20-105, it must originate in the municipal-county court, criminal division, Greensboro, Guilford County. S. v. Cooke, 248 N.C. 485, 103 S.E. 2d 846, and authorities cited, appeal dismissed 364 U.S. 177, 4 L. Ed. 2d 1650, petition for rehearing denied 364 U.S. 856, 5 L. Ed. 2d 80. This case is reported in the United States Supreme Court Reports as *Wolfe v. North Carolina;* because of the death of Phillip Cooke, his appeal was dismissed as abated. 359 U.S. 951, 3 L. Ed. 2d 759. Any jurisdiction the Superior Court of Guilford County obtains in this case for a violation of G.S. 20-105 must be derivative. S. v. White, 246 N.C. 587, 99 S.E. 2d 772. The conviction of defendants of a violation of G.S. 20-105 in this case was by a court without jurisdiction to hear and determine the guilt or innocence of defendants on that charge and was therefore a nullity, and the sentence imposed on each defendant on such conviction is void. However, defendants can be tried thereafter when properly charged in a court having jurisdiction over a violation of G.S. 20-105. S. v. Cooke, supra. This fatal lack of jurisdiction appears on the face of the record proper. It is not referred to in the briefs of the Attorney General or of the defendants. The Supreme Court, *ex mero motu,* arrests the judgment of 12 months

imprisonment imposed upon defendant Covington upon his conviction of a violation of G.S. 20-105, and arrests the judgment of 8 months imprisonment imposed on defendant Cummings upon his conviction of a violation of the same statute. The legal effect of arrest of judgment is to vacate the verdict and judgment below in respect to the charge of a violation of G.S. 20-105. *S. v. Williams*, 253 N.C. 337, 117 S.E. 2d 444; *S. v. Biller*, 252 N.C. 783, 114 S.E. 2d 659.

The result is this: As to defendant Covington, revocation of probation and activation of sentence of imprisonment affirmed; trial and judgment on assault case, no error. As to defendants Covington and Cummings, judgment arrested as to each defendant of imprisonment imposed upon conviction of a violation of G.S. 20-105.

MOORE, J., not sitting.