STATE OF NORTH CAROLINA v. DON MORROW

No. 7629SC485

(Filed 1 December 1976)

**Criminal Law § 16— misdemeanor — exclusive original jurisdiction of district court**

The superior court did not have original jurisdiction to try defendant for the misdemeanor of receiving stolen goods, and judgment entered by the superior court must be arrested.

APPEAL by defendant from *Baley, Judge.* Judgment entered 19 March 1976 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 20 October 1976.

Defendant was tried in Superior Court on his plea of not guilty to the following indictment:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 20th day of March, 1975, in Rutherford County Don Morrow unlawfully and wilfully did feloniously receive a portable Truetone Television, Maroon and Grey in color, Model #MEA 3812A-86, Stock #2DC3812, Walnut Cabinet, the personal property of Carl Womack, t/a Womacks Body Shop, Huntley Alley, Forest

City, NC having a value of less than two hundred dollars. dollars, knowing the property to have been feloniously stolen, taken, and carried away."

The jury returned verdict finding defendant guilty of feloniously receiving stolen goods. Judgment was entered on the verdict sentencing defendant to prison. Defendant appealed.

*Attorney General Edmisten by Special Deputy Attorney General John M. Silverstein for the State.*

*George R. Morrow for defendant appellant.*

PARKER, Judge.

The record shows that this case originated in the superior court upon the bill of indictment. The crime charged therein is a misdemeanor. G.S. 14-72(a). The district court has exclusive original jurisdiction of all misdemeanors except as stated in G.S. 7A-271(a). *State v. Wall,* 271 N.C. 675, 157 S.E. 2d 363 (1967). None of the exceptions apply in this case. The superior court was without jurisdiction to try the defendant for the first time for the offense charged in the bill of indictment, and the judgment entered by the superior court must be arrested.

It should be noted that this jurisdictional question was not raised before the able trial judge, nor was it raised in the briefs filed in this court. Nevertheless, where the lack of jurisdiction is apparent on the record, this court must note it *ex mero motu.* *State v. Guffey,* 283 N.C. 94, 194 S.E. 2d 827 (1973) ; *State v. Covington,* 267 N.C. 292, 148 S.E. 2d 138 (1966).

The legal effect of arrest of judgment is to vacate the verdict and judgment. *State v. Covington, supra.* The defendant may still be tried in the district court for the offense charged in the bill of indictment.

Judgment arrested.

Chief Judge BROCK and Judge HEDRICK concur.