STATE OF NORTH CAROLINA v. MITCHELL JOHN PAKULSKI AND ELLIOTT CLIFFORD ROWE, III

No. 8830SC1155

(Filed 19 September 1989)

**Criminal Law § 127— arrest of judgment on underlying felony of felony murder—murder conviction reversed—sentencing on arrested judgment**

> Two consecutive ten-year sentences for breaking or entering and larceny were reversed where defendants were originally convicted of breaking or entering, larceny, and felony murder, among other things; Judge Fountain arrested judgment on the breaking or entering and larceny convictions, apparently to avoid violation of defendants' double jeopardy rights; the murder conviction was reversed; a new murder trial ended in a mistrial; and Judge Freeman imposed sentence on the prior arrested judgments for breaking or entering and larceny. The case law in North Carolina holds without qualification that the legal effect of arrest of judgment is to vacate the verdict and judgment below; thus, subsequent correction of the fatal defect leading to arrest of judgment does not permit imposition of the sentence based on the original verdict. Moreover, even if Judge Fountain's arrest of judgment was for some reason erroneous, Judge Freeman had no jurisdiction to correct that error since a judge holding a succeeding term of court has no power to review a judgment rendered at a former term on the ground that the judgment is erroneous. Arrest of judgment does not operate as an acquittal and the State may use evidence of defendants' armed robbery to prove felony murder in a reprosecution on charges of felony murder.

> Judge LEWIS dissenting.

APPEAL by defendants from *Freeman (William), Judge.* Judgments entered 31 March 1988 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 11 May 1989.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William P. Hart and Assistant Attorney General John H. Watters, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Gordon Widenhouse, for defendant-appellant Pakulski, and McLean & Dixon, P.A., by Russell McLean, III, for defendant-appellant Rowe.*

GREENE, Judge.

This appeal arises from Judge Freeman's imposition of two consecutive ten-year sentences based on defendants' earlier convictions of breaking or entering and larceny, respectively. Judge Fountain had arrested judgment on those convictions in a case in which defendants were also convicted of, among other things, felony murder, and which resulted in the appeal to our Supreme Court styled *State v. Pakulski*, 319 N.C. 562, 356 S.E.2d 319 (1987). The facts leading to defendants' convictions for breaking or entering and larceny are summarized in *Pakulski*. *Id.* at 565-67, 356 S.E.2d at 321-22. However, it is not entirely clear from the opinion what errors were assigned by defendants. Although the Court stated that "defendants bring forward assignments of error relating only to the convictions of felony murder," the Court concluded without discussion or explanation that "we find no error in defendants' convictions for larceny of a motor vehicle, felonious breaking or entering, robbery with a dangerous weapon, and conspiracy to commit breaking or entering." *Id.* at 564, 576, 356 S.E.2d at 321, 327. However, defendants apparently contended in *Pakulski* that two earlier mistrials on all defendants' charges had been improperly entered and therefore double jeopardy prevented any subsequent retrial. *See Pakulski*, 319 N.C. at 568, 356 S.E.2d at 323 (noting defendants' double jeopardy arguments based on the prior mistrial). The *Pakulski* Court rejected defendants' assignment of error based on double jeopardy and held there was "no error" in those convictions. *Id.* at 571, 356 S.E.2d at 325 (holding no violation of double jeopardy arising from prior mistrials). Defendants also contended the trial court's failure to submit certain jury instructions concerning the impeachment of the State's key witness entitled them to a new trial, apparently of all charges. However, the *Pakulski* Court rejected that argument as well. *Id.* at 575, 356 S.E.2d at 327. In this context, the *Pakulski* Court's statement that there was "no error" in defendants' convictions (apart from felony murder) refers only to the errors actually assigned by defendants.

However, the *Pakulski* Court nevertheless ordered a new trial of defendants' remaining charge of felony murder due to lack of evidence defendants had used a deadly weapon in the commission of the breaking or entering alleged as the underlying felony. *Id.* at 573, 356 S.E.2d at 326. Since the Court held felonious breaking or entering should not have been submitted as an underlying felony for felony murder, the *Pakulski* Court remanded the case for a

new trial of the first-degree murder charges which could be based on the underlying felony of armed robbery alleged by the State. *Id.* at 571-72, 356 S.E.2d at 325-26.

Defendants' subsequent retrial on the first-degree murder charges also ended in another mistrial. The State moved that Judge Freeman nevertheless enter judgments on the breaking or entering and larceny charges which had been arrested by Judge Fountain. Judge Freeman granted the State's motion and imposed sentence. Defendants appeal.

The dispositive issue is the legal effect of Judge Fountain's prior arrest of judgment concerning the verdicts on which Judge Freeman imposed sentence. Although Judge Fountain's judgment does not state any reasons for his arrest of judgment, the State notes our Supreme Court stated in *Pakulski* that the "trial court arrested judgments on the armed robbery and felonious breaking or entering verdicts, *as these were submitted as predicate felonies to the felony murder." Pakulski,* 319 N.C. at 567, 356 S.E.2d at 323 (emphasis added). The State asserts Judge Fountain arrested defendants' convictions because he believed his submission of the felonious breaking or entering charges as a felony underlying the felony murder charges violated defendants' rights against double jeopardy. When the *Pakulski* Court granted defendants a new trial of the first-degree murder charges, the State asserts the Court "removed the legal impediment which made it necessary and proper for Judge Fountain to arrest judgment in these cases. That intervening change of circumstances put the State of North Carolina in a position to be able to move for judgment on the valid verdicts before a Superior Court Judge."

Defendants first reply that this Court cannot determine whether the reasons for Judge Fountain's arrest of judgment have been mooted since Judge Fountain's reasons cannot be absolutely determined from the face of the record. Defendants argue the characterization of Judge Fountain's arrest of judgment by the *Pakulski* Court is non-binding dicta. This argument is of no avail since defendants have the burden to produce an appellate record showing Judge Freeman's judgment was based on improper speculation about the reasons underlying Judge Fountain's arrest of judgment. *State v. Alston,* 307 N.C. 321, 341, 298 S.E.2d 631, 644-45 (1983). As defendants have failed to include the record or transcript of the proceedings before Judge Fountain in the record on this appeal, we

are unable to determine that Judge Freeman's sentence was based on improper speculation about the earlier proceeding. *See Alston*, 307 N.C. at 341, 298 S.E.2d at 645 (appellate court will not assume or speculate there was prejudicial error when none appeared in appellate record).

However, we nevertheless reverse the judgments imposing sentence since we agree with defendants that Judge Freeman was precluded as a matter of law from imposing a sentence based on the judgments which Judge Fountain arrested. As stated by our Supreme Court in *State v. McGaha*, 306 N.C. 699, 702, 295 S.E.2d 449, 451 (1982):

A motion in arrest of judgment is proper when it is apparent that no judgment against the defendant could be lawfully entered because of some fatal error appearing in (1) the organization of the court, (2) the charge made against the defendant (the information, warrant or indictment), (3) the arraignment and plea, (4) the verdict, and (5) the judgment.

The State asserts Judge Fountain's arrest of judgment on the underlying felonies of felonious breaking or entering and larceny was based on Judge Fountain's correct determination that defendants' convictions of both felony murder *and* the underlying felonies resulted in double jeopardy. *See State v. Dudley*, 319 N.C. 656, 659, 356 S.E.2d 361, 364 (1987); *State v. Freeland*, 316 N.C. 13, 340 S.E.2d 35 (1986); *State v. Belton*, 318 N.C. 141, 347 S.E.2d 755 (1986). Under *Dudley, Belton,* and similar cases, arrest of judgment is the appropriate remedy to prevent a defendant's subjection to double jeopardy.

However, the State analogizes an "arrest of judgment" to a "prayer for judgment continued" and argues our Supreme Court's decision in *Pakulski* removed the "legal impediment" on which Judge Fountain's arrest of judgment was based and therefore Judge Freeman was free to impose sentence based on the jury's original verdict that defendants were guilty of felonious breaking or entering and larceny. It is true that the State may move at any time after verdict for appropriate relief for "the imposition of sentence when prayer for judgment has been continued and grounds for the imposition of sentence are asserted." N.C.G.S. Sec. 15A-1416(b)(1) (1988). However, a judgment that prayer for judgment be continued is not "equivalent to the allowance of a motion in arrest of judgment." *State v. McCollum*, 216 N.C. 737, 739, 6 S.E.2d 503, 504

(1940). Case law in this state holds without qualification that, "the legal effect of arrest of judgment is to *vacate the verdict* and judgment below . . . ." *State v. Covington*, 267 N.C. 292, 296, 148 S.E.2d 138, 142 (1966) (emphasis added); *accord State v. Fowler*, 266 N.C. 528, 531, 146 S.E.2d 418-420 (1966); *State v. Benton*, 275 N.C. 378, 382, 167 S.E.2d 775, 778 (1969); *see also* 4 *Strong's North Carolina Index 3d*, Criminal Law Sec. 127 (1976); 21 Am. Jur. 2d *Criminal Law* Sec. 524 (1981). The arrest of judgment "places the defendant in the same situation in which he was before the prosecution was begun." 21 Am. Jur. 2d at 525. Thus, subsequent correction of the fatal defect leading to the arrest of judgment does not permit imposition of sentence based on the original verdict: the trial court's arrest of judgment merely means the State may commence another prosecution of the original offense which does not suffer the fatal defect which led to the court's arrest of judgment. *E.g.*, *Benton*, 275 N.C. at 382, 167 S.E.2d at 778 (State could proceed against defendant upon new indictment); *accord Fowler*, 266 N.C. at 531, 146 S.E.2d at 420; *Covington*, 267 N.C. at 295, 148 S.E.2d at 141 (defendants could be retried when charged in court having proper jurisdiction).

The State asserts that an arrest of judgment only "stays" the judgment when the arrest is based on a ground other than a fatal defect in the charging instruments or the trial court's jurisdiction. However, the authorities cited by the State for this proposition do not support such a blanket exception to the general rule. In *State v. Hall*, 183 N.C. 807, 112 S.E. 431 (1922), the State appealed the trial court's arrest of judgment as permitted under former Section 15-179(4). The *Hall* Court agreed that the trial court's arrest of judgment must be set aside since it was "based upon the mistaken idea that judgment could not be imposed . . . ." *Id.* at 813, 112 S.E. at 436. The *Hall* Court then held, "the case stands upon a verdict of guilty with no sentence imposed, and . . . the case will be remanded to the Superior Court that sentence shall be imposed by the presiding judge upon the verdict entered upon the record that there may not be a default of justice . . . ." *Id.* The trial court's verdict in *Hall* was left "untouched" pending the State's appeal and remained untouched because the *Hall* Court vacated the trial court's arrest of judgment. *Id.* The State does not contend Judge Fountain's arrest of judgment was erroneous. In fact, the State contends it was precluded under current law from appealing Judge Fountain's arrest of judgment in any event.

*Compare* N.C.G.S. Sec. 15-179(4) (1975) (State may appeal arrest of judgment) *with* N.C.G.S. Sec. 15A-1445 (1988) (no longer specifically listing "arrest of judgment" as ground on which State may appeal). We need not address that contention since the State did not attempt to appeal Judge Fountain's arrest of judgment.

However, we do conclude the *Pakulski* Court's finding "no error" in defendants' convictions of felonious breaking or entering only referred to defendants' assignments of error discussed earlier. The *Pakulski* opinion nowhere states, much less implies, that Judge Fountain's arrest of the breaking or entering and larceny convictions was erroneous and should be vacated. Even if Judge Fountain's arrest was for some reason erroneous, Judge Freeman had no jurisdiction to correct that error since "the power of one judge of the superior court is equal to and coordinate with that of another, and a judge holding a succeeding term of court has no power to review a judgment rendered at a former term on the ground that the judgment is erroneous." *Michigan Nat'l Bank v. Hanner*, 268 N.C. 668, 670, 151 S.E.2d 579, 580 (1966). Thus, the State's other authorities are also inapposite since they are based on our Supreme Court's exercise of its general supervisory control over the proceedings of the inferior courts of this State. *E.g., State v. Davis*, 290 N.C. 511, 548-49, 227 S.E.2d 97, 120 (1976) (Supreme Court arrested judgment in death penalty cases and remanded with direction that trial court enter life sentences upon original convictions); *Dudley*, 319 N.C. at 660, 356 S.E.2d at 364 (ordering trial court to enter verdict on second-degree kidnapping if it arrested judgment on first-degree kidnapping conviction).

Although Judge Fountain's arrest of judgment also vacated the jury's verdict that defendants were guilty of armed robbery as well as breaking or entering and larceny, that arrest does not preclude the State from proving defendants committed murder in the course of an armed robbery in connection with its reprosecuting defendants on charges of felony murder. Arrest of judgment does not operate as an acquittal. 21 Am. Jur. 2d Sec. 524; *cf. State v. Edwards*, 310 N.C. 142, 144-46, 310 S.E.2d 610, 612-13 (1984) (under appropriate circumstances, State may introduce evidence tending to show defendant committed crime of which he was earlier acquitted in second prosecution for different crime); 2 W. LaFave and J. Israel, *Criminal Procedure* Sec. 17.4(a) at 384-85 (1984) (notwithstanding prior acquittal of certain crime, evidence of that crime may be received in later prosecution under exception to "other

crimes" rule). The *Pakulski* Court's reasoning clearly contemplates the State may use evidence of defendants' armed robbery to prove felony murder, despite Judge Fountain's arrest of the armed robbery verdict. However, we must reverse Judge Freeman's imposition of sentence based on the judgments Judge Fountain arrested for the reasons discussed above.

Reversed.

Judge JOHNSON concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I dissent.

The majority vacates defendants' sentence holding that Judge Fountain's arrest of judgment irreversibly voided defendants' convictions for breaking or entering and larceny. I disagree. It is clear that the arrest of judgment of the lesser felony was entered subsequent to the conviction for felony murder in order to avoid double jeopardy. *State v. Pakulski*, 319 N.C. 562, 567, 356 S.E.2d 319, 323 (1987). Whereas the majority finds that an arrest of judgment is in all cases terminal, equivalent to dismissal, my review of the case law indicates that an arrest of judgment entered on the lesser felonies in a felony murder conviction is predicated on the fact of the felony-murder conviction. *State v. Silhan*, 302 N.C. 223, 275 S.E.2d 450 (1981).

The Supreme Court first holds in *State v. Thompson* that conviction for the predicate felony, in a felony murder conviction, "affords no basis for an additional punishment." *State v. Thompson*, 280 N.C. 202, 216, 185 S.E.2d 666, 675 (1972). Without reference to the term "arrest of judgment" the court provides the rationale that the imposition of such a sentence would be tantamount to double jeopardy. *Id.* Nine years later in *State v. Silhan*, the Supreme Court uses nearly identical language:

> When a defendant is convicted of first degree murder pursuant to the felony murder rule, and a verdict of guilty is also returned on the underlying felony, this later conviction provides no basis for an additional sentence. It merges into the

murder conviction, and any judgment imposed on the underlying felony must be arrested.

*Silhan, supra,* 302 N.C. 261-262, 275 S.E.2d 477.

The emergence of the rule that arrest of judgment must be so entered is clearly the *result* of the rationale that the defendant would otherwise be sentenced twice for the same crime. Logic dictates that when conviction on the felony murder is overturned, an arrest of judgment predicated entirely on that conviction is necessarily lifted. Upon overturning the felony-murder conviction, the reason for the arrest of judgment ceases and the defendant's status reverts back to the time immediately prior to the merger of the convictions. At that point defendant stands convicted of breaking or entering and larceny. Those convictions were upheld. *Pakulski,* 319 N.C. at 564, 576, 356 S.E.2d at 327.

An "arrest of judgment must be based on defects appearing on the face of the record." *State v. Kimball,* 261 N.C. 582, 135 S.E.2d 568 (1964). In the case before us the defect was that upon the felony-murder conviction, the defendants would otherwise have been sentenced twice for the same crimes: the felonies underlying the felony-murder conviction. When the felony murder conviction was overturned that defect was removed.

The result of the decision of the majority is that defendants who were indicted, tried by a jury and found guilty and in whose trials the Supreme Court found "no error," go free because the judgment was "arrested."

Injustice is done no less when the innocent are wrongly punished as when the guilty go unpunished.