IN THE MATTER OF LACY DUNN

No. COA12-656

Filed 15 January 2013

**Sexual Offenders—request to terminate sex offender registration—jurisdiction—must be filed in district where convicted**
    Petitioner's appeal from the denial of his petition for termination of his sex offender registration was dismissed. The superior court did not have jurisdiction to decide the petition because defendant was required to file his petition in the district where he was convicted of the offense.

Appeal by petitioner from order entered 6 December 2011 by Judge Gregory A. Weeks in Cumberland County Superior Court. Heard in the Court of Appeals 25 October 2012.

*Attorney General Roy Cooper, by Assistant Attorney General William P. Hart, Jr., for the State.*

*Parish & Cooke, by James R. Parish, for petitioner appellant.*

McCULLOUGH, Judge.

**IN RE DUNN**

[225 N.C. App. 43 (2013)]

Lacy Dunn ("petitioner") appeals from the trial court's denial of his petition for termination of his sex offender registration. For the following reasons, we dismiss the appeal.

## I. Background

Petitioner was convicted of attempted second-degree sex offense in Montgomery County on 3 November 1994 and initially registered as a sex offender in North Carolina on 2 January 1997. On 18 January 2011, petitioner petitioned Cumberland County Superior Court to terminate his sex offender registration pursuant to N.C. Gen. Stat. § 14-208.12A. Petitioner's petition came on for hearing 6 December 2011 in Cumberland County Superior Court before the Honorable Gregory A. Weeks.

At the hearing, the State introduced evidence that petitioner was convicted on 21 September 2011 on charges of failing to register as a sex offender and possession of stolen property. In addition to the specific convictions introduced by the State, petitioner's complete criminal record was entered into evidence for the trial court's review. Petitioner's criminal record indicates that petitioner was arrested, but not convicted, for multiple offenses for which he would have been required to register as a sex offender if he had been convicted, including second-degree rape.

Following the hearing, the trial judge entered an order denying petitioner the requested relief and requiring petitioner to maintain registration. The trial court's denial was mandated based on its inability to find that "[s]ince the completion of [his] sentence . . . , the petitioner has not been arrested for any offense that would require registration under Article 27A of Chapter 14[,]" "[t]he petitioner is not a current or potential threat to public safety[,]" and "[t]he relief requested by petitioner complies with the provisions of the federal Jacob Wetterling Act . . . and any other federal standards applicable to the termination of a registration requirement or required to be met as a condition of the receipt of federal funds by the State." Defendant appeals.

## II. Analysis

On appeal, defendant challenges the constitutionality of N.C. Gen. Stat. § 14-208.12A(a1)(1) on grounds of due process and equal protection and additionally contends that the trial court abused its discretion in denying petitioner's petition to terminate his sex offender registration. Upon review of the record, we are unable to reach the merits of this case.

IN RE DUNN

[225 N.C. App. 43 (2013)]

"It is well-established that the issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte.*" *State v. Webber*, 190 N.C. App. 649, 650, 660 S.E.2d 621, 622 (2008); *see also State v. Morrow*, 31 N.C. App. 592, 593, 230 S.E.2d 182, 183 (1976) ("It should be noted that this jurisdictional question was not raised before the able trial judge, nor was it raised in the briefs filed in this court. Nevertheless, where the lack of jurisdiction is apparent on the record, this court must note it *ex mero motu*."). Where the court lacks jurisdiction, dismissal is appropriate. *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964).

In the present case, we find that the Cumberland County Superior Court did not have jurisdiction to decide petitioner's petition to terminate his sex offender registration.

Pursuant to N.C. Gen. Stat. § 14-208.12A, where "the reportable conviction is for an offense that occurred in North Carolina, the petition shall be filed in the district where the person was convicted of the offense." N.C. Gen. Stat. § 14-208.12A(a) (2011). As evident from the record, defendant was ordered to register as a sex offender as a result of his 3 November 1994 conviction in Montgomery County for attempted second-degree sex offense. Therefore, defendant was required to file his petition to terminate his sex offender registration in Montgomery County. Petitioner, however, filed his petition in Cumberland County. By statute, the Cumberland County Superior Court lacked jurisdiction to enter the 6 December 2011 order denying petitioner's petition.

"When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void, *i.e.*, as if it had never happened." *Hopkins v. Hopkins*, 8 N.C. App. 162, 169, 174 S.E.2d 103, 108 (1970).

### III. Conclusion

For the reasons set forth above, the appeal is dismissed and the order of the trial court is vacated.

Dismissed and vacated.

Judges GEER and STEPHENS concur.