IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 23-1015

Filed 17 September 2024

Mecklenburg County, No. 23 CRS 8251

IN THE MATTER OF: DAVID ROBERT GOLDBERG

Appeal by Petitioner from Order entered 6 July 2023 by Judge Michael A. Stone in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 May 2024.

*Paul M. Dubbeling for Petitioner-Appellant.*

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Joseph Finarelli, for the State.*

HAMPSON, Judge.

## Factual and Procedural Background

David Robert Goldberg (Petitioner) appeals from an Order dismissing his Petition for Termination of Sex Offender Registration based on improper venue pursuant to N.C. Gen. Stat. § 14-208.12A (2023). The Record before us tends to reflect the following:

In 2003, Petitioner was convicted of Possession of Child Pornography in the United States District Court for the District of South Carolina. Upon his conviction, Petitioner registered as a sex offender in South Carolina.

In 2005, Petitioner moved to Mecklenburg County and, as required by law,

registered as a sex offender with the Sheriff of Mecklenburg County. He later moved to Florida. In November 2022, he successfully petitioned for removal from the South Carolina sex offender registry.

On 23 June 2022, Petitioner filed a Petition for Termination of Sex Offender Registration in Mecklenburg County, where he last resided in North Carolina. At the hearing, the State argued that the trial court did not have jurisdiction under N.C. Gen. Stat. § 14-208.12A to hear the Petition. The State posited there was no jurisdiction because Section 14-208.12A requires a petitioner convicted of an out-of-state or federal offense to file the petition "in the district where the person resides" and Petitioner resided in Florida, not in Mecklenburg County.

Petitioner argued that dismissal was improper because the provisions of Section 14-208.12A directing where petitions should be filed establish venue rather than determining jurisdiction. Petitioner further argued venue was proper in Mecklenburg County under the general venue provisions of N.C. Gen. Stat. § 1-82. Petitioner also contended if there was no venue or jurisdiction in Mecklenburg County where he was registered—and, thus, nowhere in North Carolina—this raised constitutional issues under the Privileges and Immunities Clause and Equal Protection Clause of the United States Constitution.

The trial court interpreted the statute as establishing venue but ruled that Mecklenburg County was an improper venue and dismissed the Petition. On 6 July 2023, the trial court entered its written Order dismissing the Petition. On 26 July

2023, Petitioner timely filed written notice of appeal.

## Issue

The dispositive issue is whether N.C. Gen. Stat. § 14-208.12A allows persons whose underlying conviction occurred outside of North Carolina and who no longer reside in the state to petition for removal from the North Carolina Sex Offender Registry in the district where they previously resided and registered as a sex offender in North Carolina.

## Analysis

The North Carolina Sex Offender and Public Protection Registration Program is governed by Part 2 of Article 27A in Chapter 14 of the North Carolina General Statutes. By its terms it requires:

> (a) A person who is a State resident and who has a reportable conviction shall be required to maintain registration with the sheriff of the county where the person resides. If the person moves to North Carolina from outside this State, the person shall register within three business days of establishing residence in this State, or whenever the person has been present in the State for 15 days, whichever comes first. If the person is a current resident of North Carolina, the person shall register:
>
> (1) Within three business days of release from a penal institution or arrival in a county to live outside a penal institution; or
>
> (2) Immediately upon conviction for a reportable offense where an active term of imprisonment was not imposed.
>
> Registration shall be maintained for a period of at least 30 years following the date of initial county registration

unless the person, after 10 years of registration, successfully petitions the superior court to shorten his or her registration time period under G.S. 14-208.12A.

N.C. Gen. Stat. § 14-208.7

Under N.C. Gen. Stat. § 14-208.12A, persons required to register as a sex offender may, ten years after their initial registration, petition in Superior Court to terminate their registration requirements. The statute directs where this petition should be filed:

> If the reportable conviction is for an offense that occurred in North Carolina, the petition shall be filed in the district where the person was convicted of the offense.
>
> If the reportable conviction is for an offense that occurred in another state, the petition shall be filed in the district where the person resides. . . . Regardless of where the offense occurred, if the defendant was convicted of a reportable offense in any federal court, the conviction will be treated as an out-of-state offense for the purposes of this section.

N.C. Gen. Stat. § 14-208.12A(a). The statute thus expressly assigns the proper district for filing a petition for (1) those with in-state convictions (the district of conviction) and (2) those with out-of-state convictions who reside in North Carolina (their district of residence).

As an initial matter, in this case, the State contends the trial court properly dismissed the Petition. However, the State posits the trial court should have grounded its decision in a lack of jurisdiction rather than venue. The State rests its argument on our decision in *In re Dunn*, 225 N.C. App. 43, 738 S.E.2d 198 (2013).

In that case, the petitioner appealed the trial court's denial of his petition to terminate his sex offender registration. 225 N.C. App. 43, 44, 738 S.E.2d 198, 198 (2013). The petitioner's registration requirement stemmed from a North Carolina offense. *Id*. Accordingly, Section 14-208.12A(a) required that he file his petition in the district where he was convicted of the offense. The petitioner was convicted of the underlying sex offense in Montgomery County but filed his petition in Cumberland County. *Id*. We declined to reach the merits of the petitioner's argument, instead holding that under Section 14-208.12A the trial court did not have jurisdiction to hear the petition because it had not been filed in the county in which the petitioner had been convicted. *Id.* at 45, 738 S.E.2d at 199. Accordingly, we dismissed the appeal and vacated the trial court's order as null and void for lack of jurisdiction. *Id.*

The State contends that *Dunn*, because it describes Section 14-208.12A(a) as jurisdictional in nature, requires we hold the trial court in this case likewise did not have jurisdiction to hear Petitioner's Petition. *Dunn* is, however, inapposite. *Dunn* does not address registrants with out-of-state convictions and, unlike in this case, addresses a petition filed in the incorrect forum when the correct forum was expressly provided by the statute.

Petitioner's conviction, unlike that in *Dunn*, occurred outside of North Carolina. The statute mandates that his petition be filed "in the district where [he] resides." N.C. Gen. Stat. § 14-208.12A(a). The State encourages us to read this provision narrowly, such that it only establishes jurisdiction in a district so long as

the person remains a physical resident of that district. Unlike in *Dunn*, where the statute mandated the petition be filed in Montgomery County but it was mistakenly filed in Cumberland, the State argues that filing the Petition in Mecklenburg was improper because there is *no* district in which it can be properly filed. This reading would leave any registrant with an out-of-state conviction who moves to another state unable to petition for removal from the registry after the ten-year period.

The goal of statutory interpretation is to determine the meaning that the legislature intended upon the statute's enactment. *State v. Beck,* 359 N.C. 611, 614, 614 S.E.2d 274, 276-77 (2005). In determining this intent, we look first to the plain language of the statute, then to the legislative history, the spirit of the act, and what the act seeks to accomplish. *State v. Langley,* 371 N.C. 389, 395, 817 S.E.2d 191, 196 (2018). If a literal interpretation of a word or phrase's plain meaning would lead to "absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control." *Beck*, 359 N.C. at 614, 614 S.E.2d at 277.

The better reading of this statute is to interpret it as a whole with the rest of Article 27A, which establishes the North Carolina Sex Offender Registry and sets registration requirements. "Parts of the same statute dealing with the same subject matter must be considered and interpreted as a whole." *State ex rel. Comm'r of Ins. V. N.C. Auto. Rate Admin. Office,* 294 N.C. 60, 66, 241 S.E.2d 324, 328 (1978). Any North Carolina resident with a reportable conviction is required to register with the

Sheriff "of the county where the person resides." N.C. Gen. Stat. § 14-208.7. When a person required to maintain registration moves to a new county, they are required to report to both the Sheriff of the current county of residence and also the Sheriff of the new county of residence. *See* N.C. Gen. Stat. § 14-208.9(a). The Sheriff then reports the change of address or county to the North Carolina Department of Public Safety who, in turn, informs the new Sheriff of the change of address. *Id.* In that case, logically, a person with a reportable out-of-state conviction would appropriately file a petition for removal from the registry under section 14-208.12 in the judicial district containing the new county of residence.

Likewise, if the person intends to move out of state, the person is required to notify the Sheriff of the county of current residence. *See* N.C. Gen. Stat. § 14-208.9(b) (2023). The Sheriff notifies the Department of Public Safety, who notifies the appropriate state official in the new state of residence. *See* N.C. Gen. Stat. § 14-208.9(b)(2) (2023). However, there does not appear to be any mechanism—other than that provided by Section 14-208.12—for removal from the North Carolina Sex Offender Registry for former North Carolina residents with out-of-state reportable convictions who relocate out of the state.

Simply stated, any person who takes residency in North Carolina with a reportable conviction is required to maintain registration with the Sheriff "in the county where the person resides." N.C. Gen. Stat. § 14-208.7(a). In turn, Section 14-208.12a requires a person seeking removal from the registry to file in one of two

venues: if the person has a reportable North Carolina conviction, that person must file in the judicial district where the conviction occurred. *See Dunn*, 225 N.C. App. At 45, 738 S.E.2d at 199. If the person has a reportable out-of-state or federal conviction, that person must file in the judicial district in which they reside and thus were required to register in North Carolina. N.C. Gen. Stat. § 14-208.12A(a).

Here, to comply with the statutory North Carolina Sex Offender Registry reporting requirements, Petitioner was required to maintain registration in Mecklenburg County—where he resided in North Carolina. There is no indication on this Record that Petitioner relocated his residence elsewhere in North Carolina or became a resident of any other North Carolina county such that he was required to register in a different North Carolina county. As such, for purposes of the North Carolina Sex Offender Registry, Petitioner's residency in North Carolina remains in Mecklenburg County.

Thus, Petitioner—with an out-of-state reportable conviction[1]—filed the Petition in Mecklenburg County Superior Court: the district of his residence in North Carolina and the county in which he was registered with the Sheriff consistent with N.C. Gen. Stat. §§ 14-208.7 and 14-208.12A. Therefore, venue was proper in that judicial district and the Mecklenburg County Superior Court had jurisdiction to hear

---

[1] For persons with a North Carolina reportable conviction, presumably venue and jurisdiction will always lie in the judicial district where the conviction occurred irrespective of residency. *Dunn*, 225 N.C. App. At 45, 738 S.E.2d at 199; N.C. Gen. Stat. § 14-208.12A(a).

the Petition.[2] Consequently, the trial court erred in dismissing the Petition for improper venue.[3]

## **Conclusion**

Accordingly, for the foregoing reasons, we reverse the trial court's Order dismissing the Petition and remand this matter to the trial court for further proceedings on the Petition. We express no opinion on the merits of the Petition.

REVERSED AND REMANDED.

Judges WOOD and STADING concur.

---

[2] Based on our resolution of this matter on statutory grounds we need not address the constitutional implications of Petitioner's argument.

[3] We also do not address the State's alternative argument that the petition should have been dismissed based on Petitioner's failure to include with his petition an affidavit verifying that he has provided notice of the petition to the sheriff of the county where he was originally convicted, as required by N.C. Gen. Stat. § 14-208.12A(a). This issue was not raised before the trial court and thus has not been preserved for our review. N.C. R. App. P., Rule 10.