STATE OF NORTH CAROLINA v. EARL McLEAN

No. 8411SC771

(Filed 16 April 1985)

1. **Criminal Law § 118.2— instructions—contentions relating to self-defense**

    The trial court in a felonious assault case sufficiently stated the contentions of defendant relating to self-defense based on the evidence offered by defendant.

2. **Criminal Law § 138— felonious assault—improper finding of heinous, atrocious or cruel aggravating factor**

    In imposing a sentence for assault with a deadly weapon inflicting serious injury, the trial court erred in finding as an aggravating factor that the offense was especially heinous, atrocious or cruel based on evidence that the victim received fifty stitches, was hospitalized two weeks, lost the sight in one eye and had some amnesia, since the evidence did not show that defendant's conduct was more brutal than that inherent in any assault with a deadly weapon resulting in serious bodily injury.

3. **Criminal Law § 138— separate aggravating factors—prior convictions—defendant on probation**

    The trial court could properly find as separate aggravating factors that defendant had prior convictions for offenses punishable by more than sixty days imprisonment and that defendant committed the crime while under a probationary sentence. G.S. 15A-1340.4(a).

**4. Criminal Law § 138— aggravating factors based on same evidence**

　　The trial court improperly based two aggravating factors on the same evidence when it found that defendant had prior convictions punishable by more than sixty days imprisonment and that defendant had a prior record involving the use of violence covering a span in excess of ten years. G.S. 15A-1340.4(a)(1); G.S. 15A-1340.4(a)(1)(o).

　　Judge ARNOLD concurring in part and dissenting in part.

APPEAL by defendant from *Smith, Judge.* Judgment entered 4 January 1983 in Superior Court, LEE County. Heard in the Court of Appeals 7 March 1985.

Defendant, Earl McLean, was indicted 11 October 1982 for assault with a deadly weapon inflicting serious injury upon the victim, Fredrick Wayne McLucas. Events giving rise to the indictment occurred on 6 July 1982 at approximately 11:00 p.m. at the American Legion Post in Sanford.

McLucas and his wife arrived at the post and parked in front of the building. State's evidence tended to show that defendant came over to McLucas' car and slammed his hand on the hood. Defendant was sweating and had his shirt off. McLucas knew defendant and testified that he had never before seen him in such an agitated state. McLucas offered to take defendant to the hospital. Defendant then accused McLucas of trying to run over him with his car and told him to get out of his car. Defendant opened the car door and McLucas closed it. McLucas reached down to release the car's emergency brake so he and his wife could leave and defendant struck him across the face. Defendant then opened the door to the car and McLucas attempted to get out. As he was attempting to get out, defendant cut him with something shiny. Defendant then proceeded to strike blows to McLucas' back and head. McLucas managed to get back into the car while his wife called the police. As McLucas was being taken to the hospital, defendant threatened to kill him.

McLucas received approximately 50 stitches on his face as a result of the two cuts inflicted by defendant. He was hospitalized for two weeks, lost sight in one eye and developed some amnesia. At the time of trial McLucas was still undergoing treatment to regain his memory.

Defendant testified that he was at the American Legion Post on the date in question and was standing on the sidewalk with one foot in the parking area. Defendant stated that he saw McLucas pull into the parking area and that he stepped up onto the sidewalk. When McLucas stopped his car, defendant put one foot back down onto the parking area. McLucas then allegedly started his car, moved forward and struck defendant on the leg.

Defendant accused McLucas of hitting him with the car whereupon McLucas allegedly informed defendant he would do it again.

A bystander, Charles Cameron, came to defendant and told him that McLucas would take defendant to a hospital if he had hit him with his car. Defendant testified that he attempted to get into McLucas' car, but he slammed the car door on defendant's hand. McLucas then allegedly leaned down to get something under the seat of the car and kicked the car door open striking defendant. Defendant testified that McLucas got out of his car holding a piece of metal pipe and struck defendant in the cheek. Defendant stated that he did not have a weapon but merely caught McLucas' hand, pushed it back and then hit him. Defendant denied that he was drunk or that he had threatened to kill McLucas. Defendant was taken to the hospital by his wife.

The jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury.

At the sentencing hearing the trial court found as factors in aggravation that the offense was especially heinous, atrocious and cruel; that defendant had prior convictions punishable by more than 60 days imprisonment; that defendant committed the crime charged while under a probationary sentence; and that defendant had a prior record involving the use of violence covering a span in excess of 10 years. The trial court found as factors in mitigation that defendant was highly intoxicated at the time of the offense and that defendant had been gainfully employed full time. The trial court then found that factors in aggravation outweighed factors in mitigation and sentenced defendant to 10 years imprisonment, the maximum allowable for a Class H felony.

Defendant appeals.

State v. McLean

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Nora Henry Hargrove, for defendant-appellant.*

EAGLES, Judge.

I

[1] Defendant first assigns as error the trial court's omission of his evidence of self-defense from the jury charge. We find no error.

The basis of defendant's assignment of error is that in the trial court's summary of the evidence to the jury, the trial court omitted mentioning that McLucas was exchanging blows with defendant and that McLucas had a metal object in his hand as they struggled. The trial court's summary stated, *inter alia,* that McLucas "reached either under the dash or under the seat and that he got some type of metal object and that defendant then hit or struck . . . McLucas."

We note that the trial court must declare and explain the law arising on the evidence, state the evidence to the extent necessary to explain the application of the law thereto, and refrain from expression of an opinion whether a fact has been proved. G.S. 15A-1232. The trial court is not required to fully recapitulate all the evidence. The trial court complies with G.S. 15A-1232 by presenting the principal features of the evidence relied on by the prosecution and the defense. *State v. Thompson,* 257 N.C. 452, 126 S.E. 2d 58, *cert. denied* 371 U.S. 921 (1962); *State v. Spicer,* 299 N.C. 309, 261 S.E. 2d 893 (1980). We believe, based on our examination of the record, that the trial court correctly stated the contentions of defendant based on the evidence offered by defendant. As to whether or not McLucas struck defendant, the following testimony of defendant is pertinent:

Q: What happened after the door hit you?

A: I fell back against a car, I staggered against a car that was parked behind me and he jumped out of his car and I seen something in his hand, I don't know what it was.

Q: Describe what you saw.

A: It was some kind of a piece of metal, I don't know what kind of metal it was, but when I was up against the car, my hand was up like that. When he swung at me, he came down on me and I caught his hand and I pushed it back and I hit him.

Q: What did you hit him with?

A: I hit him with my fist.

This testimony is consistent with the trial court's summary that McLucas "got some type of metal object and that defendant hit or struck . . . McLucas." The jury heard the evidence and was fully advised by the trial court that the court did not purport to charge on all the evidence. The trial court's summary of defendant's contentions was sufficient to bring to the jury's attention his claim that he acted in self-defense.

We also note that there is no indication in the record that defendant presented requested instructions to the trial court or that he called the purported errors to the trial court's attention as is required by Rule 10(b)(2), Rules of Appellate Procedure. Even though this assignment of error is not properly before us, our examination of the entire record reveals no prejudicial error.

## II

Defendant next assigns as error the trial court's finding as a factor in aggravation that the offense was especially heinous, atrocious and cruel and the trial court's finding of two non-statutory factors in aggravation: defendant committed this offense while under a probationary sentence for assault with a deadly weapon and that defendant has a prior record involving the use of violence covering a span in excess of 10 years. We agree that there is error.

[2] As to whether an offense is committed in an especially heinous, atrocious and cruel manner, the trial court at sentencing must determine the appropriateness of finding this factor in aggravation focusing on "whether the facts of the case disclose excessive brutality, physical pain, psychological suffering, or dehumanizing aspects not normally present in that offense." *State v. Blackwelder*, 309 N.C. 410, 414, 306 S.E. 2d 783, 786 (1983).

Here, the record disclosed that defendant's conduct was not any more brutal than the brutality inherent in any assault with a deadly weapon which results in serious injury. In *State v. Medlin*, 62 N.C. App. 251, 302 S.E. 2d 483 (1983) we held that defendant's conduct, hitting his wife and then shooting her five times, was not especially heinous, atrocious or cruel for sentencing purposes, despite the fact that victim there was hospitalized for 10 weeks, her face was partially paralyzed, she could not hear out of one ear, could no longer drive a car and was out of work for months. Similarly we find no evidence in the record before us to indicate that where the victim received 50 stitches, was hospitalized for two weeks, lost the sight in one eye and had some amnesia, the conduct of defendant was any more brutal than that inherent in any assault with a deadly weapon resulting in serious bodily injury. Accordingly, it was error for the trial court to find as a factor in aggravation that the offense was especially heinous, atrocious or cruel.

[3] Defendant next argues that the trial court used defendant's past convictions as the basis to find three separate aggravating factors, i.e., that defendant had convictions for offenses punishable by more than 60 days imprisonment, that defendant committed the offense charged while on probation for assault with a deadly weapon and that defendant has a prior record involving the use of violence covering a span of 10 years. The basis of defendant's argument is that since defendant had convictions for offenses punishable by more than 60 days imprisonment as a properly found factor in aggravation, it was error to base the finding of two non-statutory factors in aggravation upon those convictions. We agree in part and disagree in part. Defendant was in fact on probation for a prior conviction of assault with a deadly weapon. This fact is unrefuted. Accordingly, it is not error for the trial court to base a factor in aggravation upon evidence that defendant is in fact on probation as long as the finding of such a factor in aggravation is reasonably related to sentencing. G.S. 15A-1340.4(a).

[4] However, the fact that defendant has prior convictions for criminal offenses punishable by more than 60 days imprisonment and that *defendant has a prior record* involving the use of violence covering a span in excess of 10 years are too similar, the latter being based upon the former, to be considered as separate

factors for purposes of sentencing. G.S. 15A-1340.4, by its terms, prohibits the use of the same item of evidence to prove more than one factor in aggravation. While the legislature obviously intended that a person's past record could be used to aggravate a sentence (G.S. 15A-1340.4(a)(1)(o) ), the legislature only intended that the past record be used once (G.S. 15A-1340.4(a)(1) ). For these reasons, it was error for the trial court to find as a factor in aggravation that defendant has a prior record involving the use of violence covering a span in excess of 10 years.

In the trial of this action we find no error. Because there was error in the sentencing phase, defendant is entitled to a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

Remanded for resentencing.

Judge PARKER concurs.

Judge ARNOLD concurs in part and dissents in part.

Judge ARNOLD concurring in part and dissenting in part.

I do not agree with the majority that the trial judge erred in finding statutory aggravating factor G.S. 15A-1340.4(a)(1)(f), that defendant committed the offense in an especially heinous, atrocious or cruel manner.

The jury found defendant guilty of assault with a deadly weapon inflicting serious injury. The evidence which tended to support that verdict was that defendant first struck Mr. McLucas across the face, then cut him with a shiny object, and then proceeded to strike him repeatedly on the back and head. The severity of the attack is reflected in the fact that McLucas received approximately fifty stitches on his face from the two cuts inflicted by defendant, that he (McLucas) was hospitalized for two weeks, and that he lost sight in one eye and developed amnesia.

The evidence that defendant cut McLucas twice with a shiny object, causing injury requiring fifty stitches, is sufficient to support the jury's verdict on the crime charged. Evidence that the defendant struck McLucas repeatedly on the head and face, caus-

ing amnesia and loss of sight in one eye is surely strong evidence of "excessive brutality," *State v. Blackwelder*, 309 N.C. 410, 414, 306 S.E. 2d 783, 786 (1983).

I believe that the legislature intended that in cases where the defendant is found guilty of assault with a deadly weapon which results in serious injury the crime can be aggravated and the punishment increased when the offense is committed in a manner which goes beyond what is needed to justify conviction and can be described as especially heinous, atrocious or cruel. The fact that the legislature provided a maximum sentence and that it did not restrict the application of this statutory aggravating factor are good indications of that intent.

In the present case, I believe that a preponderance of the evidence supports the conclusion that defendant committed the offense in a heinous, atrocious or cruel manner. The trial court did not err in making this finding.