STATE OF NORTH CAROLINA v. MICHAEL SCOTT McRAE AND ANTHONY DWAYNE McNEILL

No. 8615SC1148

(Filed 7 April 1987)

1. **Criminal Law § 138.28— separate aggravating factors—prior convictions—defendant on parole**

    The trial court could properly find as separate aggravating factors that defendant had prior convictions for offenses punishable by more than sixty days' confinement and that defendant was on parole at the time of the present offense. N.C.G.S. § 15A-1340.4(a)(1).

2. **Criminal Law § 134.4— failure to make "no benefit" finding—defendants twenty-three years old**

    The trial court did not err in failing to make a "no benefit" finding when not sentencing defendants as committed youthful offenders where the record disclosed that both defendants were twenty-three years old at the time of their conviction. N.C.G.S. § 148-49.14.

3. **Criminal Law § 131.2— newly discovered evidence—denial of motion for appropriate relief**

    The trial court properly denied defendant's motion for appropriate relief in a breaking or entering case on the ground of newly discovered evidence where the motion was supported by his codefendant's affidavit stating that the codefendant had committed the break-in and defendant had no knowledge of it.

APPEAL by defendants from *McLelland, Judge*. Judgments entered 1 May 1986 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 31 March 1987.

Defendants were charged in proper bills of indictment with felonious breaking or entering, violations of G.S. 14-54(a). They were found guilty as charged. From judgments imposing prison sentences of eight years, defendants appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robert E. Cansler, for the State.*

*Daniel Snipes Johnson for defendant, appellant Michael Scott McRae.*

*Donnell S. Kelly for defendant, appellant Anthony Dwayne McNeill.*

HEDRICK, Chief Judge.

[1]   Defendants first contend the trial court erred to their prejudice in finding as aggravating factors in their cases both that "[t]he defendant has State Court convictions for criminal offenses punishable by more than 60 days' confinement," and also that "[t]he defendant committed offense while under Federal parole for conviction of felonious breaking or entering." Defendants argue that the court has used the same item of evidence to prove more than one factor in aggravation, which is prohibited by G.S. 15A-1340.4(a)(1). We disagree. It is not error for a trial court to find as an aggravating factor that a defendant has prior criminal convictions, then to find as a separate aggravating factor that the defendant was on parole at the time of the present offense. *State v. McLean*, 74 N.C. App. 224, 328 S.E. 2d 451 (1985), *appeal dismissed*, 316 N.C. 199, 341 S.E. 2d 573 (1986).

[2]   Defendants next contend the trial court erred to their prejudice in failing to consider them for committed youthful offender status and failing to make a "no benefit" finding when not sentencing them as committed youthful offenders. G.S. 148-49.14 (Supp. 1985) provides, in pertinent part,

> As an alternative to a sentence of imprisonment as is otherwise provided by law, when a person under 21 years of age is convicted of an offense punishable by imprisonment and the court does not suspend the imposition or execution of sentence and place him on probation, the court may sentence such person to the custody of the Secretary of Correction for treatment and supervision as a committed youthful offender. When a person under twenty-five (25) years of age is convicted of a crime punishable by imprisonment but which is not a Class A, B, C, D, E, F or G felony, or a violent crime, and the court does not suspend the imposition or execution of sentence and place him on probation, the court may sentence such a person to the custody of the Secretary of Correction as a committed youthful offender. . . . If the court shall find that a person under 21 years of age should not obtain the benefit of release under G.S. 148-49.15, it shall make such "no benefit" finding on the record.

While it is true that the court neither sentenced defendants as committed youthful offenders, nor made a "no benefit" finding,

the record discloses that both defendants were 23 years old at the time of their conviction. Therefore, under the plain language of the statute, the court was not required to make a "no benefit" finding.

[3]   Defendant Michael Scott McRae filed in this Court on 23 September 1986 a motion for appropriate relief, asking for a new trial or a dismissal of the charges against him, on the ground of newly discovered evidence. He filed in support of his motion an affidavit of his codefendant Anthony Dwayne McNeill, stating that defendant McNeill had committed the break-in himself and defendant McRae had had no knowledge of it. We have examined the record and find defendant McRae is not entitled to the relief he seeks. *See State v. Person*, 298 N.C. 765, 259 S.E. 2d 867 (1979). We deny his motion for appropriate relief.

Defendants had a fair trial free from prejudicial error.

No error.

Judges MARTIN and GREENE concur.