STATE OF NORTH CAROLINA v. MELVIN WAYNE BECK

No. 191PA04

(Filed 1 July 2005)

**Sentencing— Structured Sentencing Act—aggravating factors—same item of evidence**

The trial court erred in a second-degree murder case by concluding that the phrase stating that the "same item of evidence" cannot be used to prove more than one aggravating factor under The North Carolina Structured Sentencing Act of N.C.G.S. § 15A-1340.16(d) refers to a single source document and defendant is entitled to be resentenced, because the phrase restricts the use of the same facts, and not the same source, as the basis of more than one aggravating factor.

Justice BRADY dissenting.

Justice PARKER joins in the dissenting opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 163 N.C. App. 469, 594 S.E.2d 94 (2004), finding no error in defendant's conviction but vacating a judgment imposing a sentence of 313 to 385 months imprisonment entered by Judge William Z. Wood, Jr. on 30 August 2002 in Superior Court, Forsyth County, upon a jury verdict finding defendant guilty of second-degree murder, and remanding for resentencing. On 30 August 2004, defendant filed a Motion for Appropriate Relief, which is still pending. Heard in the Supreme Court 6 December 2004.

*Roy Cooper, Attorney General, by Tiare B. Smiley, Special Deputy Attorney General and, Robert Montgomery, Assistant Attorney General for the State-appellant.*

*Daniel Shatz for defendant-appellee.*

**STATE v. BECK**

[359 N.C. 611 (2005)]

NEWBY, Justice.

The North Carolina Structured Sentencing Act provides that the "same item of evidence" cannot be used to prove more than one aggravating factor. N.C.G.S. § 15A-1340.16(d) (2003). The question presented by this case is whether the phrase "same item of evidence," refers to a single source document or a particular fact derived therefrom. We hold the phrase restricts the use of the same facts, not the same source.

On 1 July 2000, defendant Melvin Wayne Beck was indicted for first-degree murder and first-degree burglary. On 30 August 2002, a jury convicted defendant of the lesser-included offense of second degree murder and acquitted him of the burglary. At sentencing, the State presented to the trial court a certified copy of a fugitive warrant from the State of Florida which stated: "Fugitive—FTA [failure to appear]—Burglary." Defendant did not challenge the accuracy or sufficiency of the information contained in the warrant. Based upon information contained in the fugitive warrant, the trial court found two aggravating factors: (1) defendant had committed the offense at issue while on pretrial release on another charge and (2) he was a fugitive from Florida (because of his failure to appear for trial in that state). After reviewing his criminal history and the aggravating and mitigating factors, the trial court sentenced defendant to a term of imprisonment in the aggravated range, between 313-385 months.

On appeal, the Court of Appeals found no error in the conviction for second-degree murder, but remanded for resentencing. The court stated, "While this evidence [the fugitive warrant] is sufficient to establish *one* of these aggravating factors, the trial court erred in relying on the same evidence to find *two* distinct aggravating factors." *State v. Beck*, 163 N.C. App. 469, 477, 594 S.E.2d 94, 99 (2004). It remanded the matter to the trial court "to strike one of the aggravating factors." *Id.*

This Court allowed discretionary review solely to consider whether the Court of Appeals erred in holding that "one document constitutes the 'same item of evidence' and cannot provide separate evidentiary facts which support two separate aggravating factors under the Structured Sentencing Act."[1]

---

1. During the pendency of the appeal, defendant filed a motion for appropriate relief arising under *Blakely v. Washington*, —— U.S. ——, 159 L. Ed. 2d 403(2004) and its progeny. His motion is addressed by separate order.

The parties agree this matter concerns the construction of N.C.G.S. § 15A-1340.16(d), which provides:

> Evidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation, and the same item of evidence shall not be used to prove more than one factor in aggravation.

N.C.G.S. § 15A-1340.16(d) (2003). Neither party disputes that the first clause prohibits using the same fact to establish both an element of the crime and an aggravating factor. The only issue before us is whether the second clause similarly prohibits the use of the same information to establish more than one aggravating factor, or whether the phrase "same item of evidence" should be read to address the actual method of proof, e.g., a source document.[2]

The State contends the legislature intended the same concept in each clause—the statute is simply intended to prevent the same facts from being used twice in aggravation. It argues the Court of Appeals erred in interpreting the phrase "item of evidence" to mean source of evidence, in this case, a physical piece of paper. Both the plain meaning of the statute and the legislative intent were to prevent double-counting by using the same fact either to prove two distinct aggravators or to prove an element of the crime and an aggravator. Simply put, the statute forbids a person from receiving an enhanced punishment based on using the same fact twice. Thus, the State asserts, one physical document could contain several facts which support distinct aggravators. In this case, the fugitive warrant established facts to support both distinct aggravators.

On the other hand, defendant contends that the Court of Appeals correctly held that the phrase "same item of evidence" has special meaning, arguing that "[t]he legislature must be presumed to have intended something different by its use of different language in the two clauses of the sentence." He argues the Court of Appeals correctly applied the plain language of the statute in holding that the fugitive warrant "clearly constitutes a single 'item of evidence.'" Because the distinct facts utilized to support each of the aggravating conditions were derived from one physical document, only one aggravator can be established. Defendant asserts that the interpretation urged by the State changes the word "item" to "facts." Defendant

---

2. The parties agree that the two aggravating factors in this case, committing the offense while on pretrial release and being a fugitive, are separate and distinct factors.

submits the Court of Appeals correctly gave "item" its ordinary meaning and held that the fugitive warrant could not be used to establish facts to support two aggravators.[3]

The primary endeavor of courts in construing a statute is to give effect to legislative intent. *Liberty Mut. Ins. Co. v. Pennington,* 356 N.C. 571, 573 S.E.2d 118, 121 (2002); *Stevenson v. City of Durham,* 281 N.C. 300, 303, 188 S.E.2d 281, 283 (1972). This applies as equally to criminal statutes as to any other. *State v. Jones,* 358 N.C. 473, 478, 598 S.E.2d 125, 128 (2004). If the statutory language is clear and unambiguous, the court eschews statutory construction in favor of giving the words their plain and definite meaning. *Fowler v. Valencourt,* 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993). When, however, "a statute is ambiguous, judicial construction must be used to ascertain the legislative will." *Burgess v. Your House of Raleigh, Inc.,* 326 N.C. 205, 209, 388 S.E.2d 134, 136-37 (1990). Furthermore, " 'where a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded.' " *Mazda Motors of Am., Inc. v. Southwestern Motors, Inc.,* 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979) (quoting *State v. Barksdale,* 181 N.C. 621, 625, 107 S.E. 505, 507 (1921)) (*quoted in Frye Reg'l Med. Ctr., Inc. v. Hunt,* 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999)).

We generally construe criminal statutes against the State. *State v. Hearst,* 356 N.C. 132, 136, 567 S.E.2d 124, 128 (2002). However, this does not require that words be given their narrowest or most strained possible meaning. *Jones,* 358 N.C. at 478, 598 S.E.2d at 128. A criminal statute is still construed utilizing "common sense" and legislative intent. *Id.*

Had the second clause of N.C.G.S. § 15A-1340.16(d) simply omitted the words "item of," there would be no dispute that its meaning was the same as the first clause. The crucial term then is "item." Item

---

3. In his brief, defendant further contends that even if the fugitive warrant is not "one item of evidence" under the Structured Sentencing Act, it is still insufficient to support the two aggravating factors. He asserts that a warrant is not proof of anything, only an accusation. Additionally, he contends that because Florida did not move to extradite him, the fugitive warrant had been dismissed. However, we did not allow review of those issues, and they will not be considered. N.C. R. App. P. 19(b)(1); *See, e.g., State v. Dennison,* 359 N.C. 312, 608 S.E.2d 756 (2005).

is defined as "a distinct part in an enumeration."[4] Thus, the plain meaning of the second clause is that the "same 'distinct part' of evidence" shall not be used to prove more than one aggravator. Applying the ordinary meaning and usage, the phrase "same item of evidence" refers to a distinct quantum of evidentiary information, not to a document or object through which the item of evidence is established. Granted, this reading means that the term "evidence" in the first clause and "same of evidence" in the second have virtually the same meaning. However, this is not a compelling reason to ignore the plain meaning of the language.

Defendant urges that "item of evidence" be literally interpreted to mean the specific thing that is presented as "evidence" during the trial. In other words, "item" could mean a piece of paper, such as a warrant or medical record, or gun or perhaps a single witness. This literal interpretation could lead to absurd results. For example, during oral argument, defense counsel conceded that if the warrant had been torn into two separate pieces of paper, with the fact that defendant was a fugitive on one piece and the fact that he was on pretrial release on the other, it would then constitute two items of evidence. That result would yield an extreme version of form over substance. Similarly, if the phrase is read to mean the method of proof, then the same fact could be counted twice so long as it was established by two distinct documents or other mode of proof.[5]

Even if we assume *arguendo* that the statute is ambiguous and look to the legislative purpose, Beck's claim fares no better. Taken in context, the statute simply prohibits the use of the same information as the basis of two aggravators. The statute is not directed toward the evidentiary mechanism through which the information is introduced, but demands that the same information not be utilized twice.

---

4. The definitions of "item" include: "a distinct part in an enumeration, account, or series" and "a separate piece of news or information." *Merriam-Webster's Collegiate Dictionary* 623 (10th ed. 1999). *Webster's Third New International Dictionary* provides a voluminous definition of item. Its many definitions of "item" include: "an individual particular or detail singled out from a group of related particulars or details; "a detail of information: piece of information"; "an individual thing singled out from an aggregate of individual things"; and "something that forms a contributory or component part or section of something specified." *Webster's Third New International Dictionary* 1203 (1961).

5. Arguably, this absurdity would not be limited to documentary evidence but could apply equally to testimonial evidence. If evidentiary facts sufficient to prove two factors in aggravation had been supplied by two different witnesses, both aggravators would apply. However, if by chance one witness had knowledge of and testified to both facts, then only one aggravator could be applied.

Similarly, the logic of our precedents indicates that the statutory prohibition is against using the same item of evidence to support more than one aggravating factor. This Court has previously noted that it is "axiomatic" that the same evidentiary facts cannot support more than one aggravating factor. *State v. Golphin*, 352 N.C. 364, 482, 533 S.E.2d 168, 244 (2000), *cert. denied*, 532 U.S. 931, 149 L. Ed. 2d 305 (2001). "It is error to submit two aggravating circumstances resting on the same evidence." *State v. Rouse*, 339 N.C. 59, 97, 451 S.E.2d 543, 564 (1994), *cert. denied*, 516 U.S. 832, 133 L. Ed. 2d 60 (1995). However, the evidence for two aggravating factors may partially overlap, as long as there is some distinction in the evidence supporting each aggravating factor. "Aggravating circumstances are not considered redundant absent a *complete* overlap in the evidence supporting them." *State v. Moseley*, 338 N.C. 1, 54, 449 S.E.2d 412, 444 (1994), *cert. denied*, 514 U.S. 1091, 131 L. Ed. 2d 738 1815 (1995) (emphasis supplied).

In *State v. McLean*, 74 N.C. App. 224, 328 S.E.2d 451, a case relied upon by both parties, the trial court appears to have used one physical document, McLean's criminal history sheet, to find three separate aggravators: (1) that McLean committed the crime while on probation; (2) that he had previous convictions for offenses punishable by more than 60 days, and (3) that he had a prior record involving the use of violence. *Id.* at 229, 328 S.E.2d at 454. McLean argued on appeal that his criminal history could only support one aggravator. The Court of Appeals held that two aggravators could be proved from the one document. However, because the findings of defendant's previous convictions and of his past record involving the use of violence relied upon the same factual basis, only one could be used in aggravation. *Id.* at 229-30, 328 S.E.2d at 454-55. Contrary to defendant's argument, *McLean* does not focus on the source of the information, but upon whether there were separate facts to support each aggravator. *Id. See also State v. Nicholson*, 355 N.C. 1, 48-49, 558 S.E.2d 109, 141, *cert. denied*, 537 U.S. 845, 154 L. Ed. 2d 71 (2002) (holding shooting of police officer proved two aggravators: crime against an officer performing his duty and action undertaken to avoid arrest, because the first focused on the action, the second on the subjective motivation); *State v. Brinson*, 337 N.C. 764, 770, 448 S.E.2d 822, 826 (1994) (holding proof of breaking victim's neck could be used to establish element of crime, while the resulting paralysis supported an aggravating factor); *State v. Jones*, 158 N.C. 498, 502-03, 581 S.E.2d 103, 106, *cert. denied*, 357 N.C. 465, 586 S.E.2d 462 (2003) (holding shooting of victim proved an element of the crime, while paralysis

proved an aggravator); *State v. Sellers*, 155 N.C. App. 51, 57, 574 S.E.2d 101, 105 (2002) (holding firing gun proved an element of the offense and an aggravating factor since an additional fact was required to establish the aggravator—endangering more than one person, i.e., that defendant utilized a semi-automatic pistol).

After careful review, we conclude that N.C.G.S. § 15A-1340.16(d) proscribes the use of the same fact in enhancement, not the same source. Accordingly, the decision of the Court of Appeals is affirmed as to the finding of no prejudicial error at trial but reversed as to the determination that defendant should be resentenced.

AFFIRMED IN PART; REVERSED IN PART

Justice BRADY dissenting.

In the instant case, this Court must apply N.C.G.S. § 15A-1340.16(d), which states "*[e]vidence* necessary to prove an element of the offense shall not be used to prove any factor in aggravation, and the *same item of evidence* shall not be used to prove more than one factor in aggravation." N.C.G.S. § 1340.16(d) (2003) (emphasis added). The majority would insert language into this unambiguous provision to hold that "the plain meaning of the second clause is that the 'same "distinct part" of evidence' shall not be used to prove more than one aggravator." Because I would leave amendment of N.C.G.S. § 15A-1340.16(d) to our legislative branch, I cannot join with the majority's reading of this provision.

"It is well settled that the meaning of any legislative enactment is controlled by the intent of the legislature and that legislative purpose is to be firstascertained from the plain language of the statute." *State v. Bates*, 348 N.C. 29, 34, 497 S.E.2d 276, 279 (1998). Moreover, "[i]f the Legislature has used language of clear import, the court should not indulge in speculation or conjecture for its meaning. . . . Courts are not permitted to assume that the lawmaker has used words ignorantly or without meaning, unless compelled to do so to prevent a manifestly absurd result." *Nance v. S. Ry.*, 149 N.C. 267, 271, 149 N.C. 366, 371, 63 S.E. 116, 118 (1908).

Here, the first clause of N.C.G.S. § 15A-1340.16(d) clearly prohibits double-counting of elements and aggravators. The second clause, which contains the phrase "same item of evidence," however, prohibits the use of the same item of evidence to support more than one aggravating factor. This conclusion is necessitated by the plain

language of the phrases employed by the drafters and the basic tenet of statutory construction that "the entire sentence, section or statute must be taken into consideration, and every word must be given its proper effect and weight." *Id.* at 271, 149 N.C. at 371, 63 S.E. at 118.

The majority makes much ado about the "absurd result" the same item of evidence rule might have; I however, see no absurdity in requiring the State to adequately establish the existence of an aggravating factor, particularly in light of this Court's application of *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), in *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (July 1, 2005) (No. 485PA04). Thus, because I would give "proper effect and weight" to the General Assembly's use of "item of evidence" as opposed to "evidence," I respectfully dissent.

Justice PARKER joins in this dissenting opinion.