**IN RE S.B.**

[207 N.C. App. 741 (2010)]

IN RE S.B.

No. COA10-68

(Filed 2 November 2010)

**Juveniles— disposition level—probation violation—minor offense**

    A juvenile level 3 disposition and commitment order following a probation violation was remanded for a new hearing and entry of a level 2 disposition and order. N.C.G.S. § 7B-2508(g) does not override the explicit directive in N.C.G.S. § 7B-2510(f) and allow the court to enter a new level 3 disposition following a probation violation based upon a minor offense.

Appeal by juvenile from disposition and commitment order entered 8 September 2009 by Judge Mary F. Covington in Davidson County Superior Court. Heard in the Court of Appeals 30 September 2010.

    *Attorney General Roy Cooper, by Assistant Attorney General Letitia C. Echols, for the State.*

    *Faith S. Bushnaq for the juvenile.*

ELMORE, Judge.

S.B., a minor, appeals from a level 3 disposition and commitment order based on her violation of probation. Because S.B. should not have been given a level 3 disposition, we reverse and remand to the trial court for a new disposition hearing and order.

The following facts are undisputed: S.B. was adjudicated delinquent on 14 October 2008 for resisting a public offer in violation of General Statute section 14-223. This offense is a class 2 misdemeanor. In its disposition order, the trial court indicated that S.B.'s juvenile history level was "high" and concluded as a matter of law that it "was required to order either a Level 1 disposition or a Level 2 disposition, or both." The trial court accepted, adopted, and incorporated these recommendations by the juvenile court counselor: "[S.B.] has High Risk and High Need's [*sic*]. It's our departments [*sic*] recommendation that [S.B.]'s probation be extended an additional 12 months [and] that [S.B.] and her grandmother[] continue cooperating with placement at [Old Vineyard] in Winston Salem [*sic*]. [S.B. must A]bide by prior orders of the Court."

On 3 March 2009, S.B. was adjudicated delinquent after violating the conditions of her probation by assaulting an Old Vineyard staff member and destroying Old Vineyard property. In its 21 April 2009 disposition order, the trial court indicated that S.B.'s delinquency history level was "medium," and it concluded as a matter of law that it was "required to order either a Level 1 disposition or a Level 2 disposition, or both." The trial court accepted, adopted, and incorporated these recommendations by the juvenile court counselor: "[S.B.] has High Risk and High Need's [sic]. It's our departments [sic] recommendation that [S.B.] continue under the prior orders to the court. That [S.B.] and her grandmother both cooperate with [Multisystemic Therapy] services through Youth Villages."

On 23 June 2009, the State filed a motion for review to determine if S.B. had violated her probation. S.B. admitted to violating her probation, and the trial court entered an adjudication order on 30 June 2009. The trial court made the following conclusion of law: "Juvenile is within the jurisdiction of the Court as a delinquent juvenile and is subject to the Court's dispositional authority for having committed an offense classified under G.S. 7B-2508(a) as: minor (Class 1, 2, or 3 misdemeanor)." By order entered 30 June 2009, the trial court continued S.B.'s disposition hearing until 17 November 2009 because S.B. was scheduled to complete her treatment at Youth Villages on 7 November 2009.

On 8 September 2009, the trial court entered a juvenile Level 3 disposition and commitment order based on S.B.'s violation of probation. The trial court made the following relevant findings of fact: (1) S.B. "was previously given a Level 2 disposition and was placed on probation" and "violated the terms of probation set by the court on" 14 October 2008. (2) S.B. had "been adjudicated for [sic] multiple times (at least 5) along with her most recent adjudication and violation of probation of her most recent adjudication. This court has exhausted all mental health & DJJDP resources for the juvenile & the juvenile remains noncompliant." (3) "When the juvenile was adjudicated delinquent for the offense for which the juvenile was placed on probation, the juvenile had four or more prior offenses of delinquency as defined in G.S. 7B-2508(g)." The trial court ordered S.B. be committed to the Department of Juvenile Justice and Delinquency Prevention for a minimum of six months. S.B. now appeals.

S.B.'s sole argument on appeal is that the trial court violated General Statute subsections 7B-2510(e) and (f) by entering a level 3

disposition. Section 7B-2510 governs juvenile dispositions following a probation violation. Subsections (e) and (f) state:

(e) If the court, after notice and a hearing, finds by the greater weight of the evidence that the juvenile has violated the conditions of probation set by the court, the court may continue the original conditions of probation, modify the conditions of probation, or, except as provided in subsection (f) of this section, order a new disposition at the next higher level on the disposition chart in G.S. 7B-2508. In the court's discretion, part of the new disposition may include an order of confinement in a secure juvenile detention facility for up to twice the term authorized by G.S. 7B-2508.

(f) A court shall not order a Level 3 disposition for violation of the conditions of probation by a juvenile adjudicated delinquent for an offense classified as minor under G.S. 7B-2508.

N.C. Gen. Stat. § 7B-2510(e)-(f) (2009). Here, it is undisputed that the underlying offense for which S.B. received probation is classified as a minor offense under section 7B-2508. Although the plain language of section 7B-2510(f) specifically forbids the entry of a new disposition at level 3 when the underlying offense is minor, the State argues that trial courts are authorized to do exactly that under section 7B-2508(g).

Section 7B-2508 is titled, "Dispositional limits for each class of offense and delinquency history level." It contains definitions of offense classifications and the three disposition levels as well as a chart describing the disposition levels for each class of offense and delinquency history level. That chart, found in subsection (f), states that an offense classified as "minor" combined with a delinquency history level of "high" authorizes a court to prescribe a Level 2 disposition. N.C. Gen. Stat. § 7B-2508(f) (2009). Subsection (g) provides an exception to subsection (f):

(g) Notwithstanding subsection (f) of this section, a juvenile who has been adjudicated for a minor offense may be committed to a Level 3 disposition if the juvenile has been adjudicated of four or more prior offenses. For purposes of determining the number of prior offenses under this subsection, each successive offense is one that was committed after adjudication of the preceding offense.

N.C. Gen. Stat. § 7B 2508(g) (2009).

It is undisputed that S.B. had "been adjudicated of four or more prior offenses," so the question at hand is whether section 7B-2508(g) overrides the explicit directive in section 7B-2510(f) and allows a trial court to enter a new level 3 disposition following violation of probation based upon a minor offense. The State argues that "a literal interpretation of this statue [*sic*] would lead to an absurd result in this case." *See State v. Beck*, 359 N.C. 611, 614, 614 S.E.2d 274, 277 (2005) ("[W]here a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded.") (quotations and citation omitted).

We are unconvinced. Here, the literal interpretation of section 7B-2510(f) does not produce an absurd result. The State argues that if we do not ignore the plain language of section 7B-2510(f), we will eviscerate "the Legislature's intent to make commitment to a youth development center an option for juveniles who have repeatedly broken the law in spite of multiple attempts at rehabilitation." If this were true, such a result would be absurd. However, the acts underlying S.B.'s probation violations could each form the basis of a new offense. For example, court records indicate that S.B. was caught in possession of marijuana, assaulted an Old Vineyard staff member, and damaged property belonging to Old Vineyard. Each of these actions could form the basis of a new adjudication order. If S.B. is adjudicated for a minor offense, section 7B-2508(g) authorizes a trial court to commit S.B. to a Level 3 disposition based upon her adjudication of four or more prior offenses. That the State cannot reach this result via a probation violation does not render a literal reading of 7B-2510(f) absurd.

Accordingly, we reverse the 8 September 2009 juvenile level 3 disposition and commitment order and remand the matter to the district court for a new disposition hearing, if necessary, and entry of a juvenile level 2 disposition and order.

Reversed and remanded.

Judges JACKSON and THIGPEN concur.