IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-731

Filed 16 July 2025

Guilford County, No. 22CRS028595

STATE OF NORTH CAROLINA

v.

LAMONTE LAMOORE JACKSON

Appeal by defendant from judgment entered 9 November 2023 by Judge Tonia Cutchin in Guilford County Superior Court. Heard in the Court of Appeals 11 June 2025.

*Appellate Defender's Office, by Appellate Defender Glenn Gerding and Assistant Appellate Defender Aaron Thomas Johnson, for the defendant-appellant.*

*Attorney General Jeff Jackson, by Assistant Attorney General Reginaldo E. Williams, Jr., for the State.*

TYSON, Judge.

Lamonte Lamoore Jackson ("Defendant") appeals from a trial court's order requiring him to register with the North Carolina sex offender registry. We affirm.

## I. Background

Defendant, then thirteen or fourteen years old, engaged in sexual acts with his younger sister, then five or six years old, and was adjudicated as delinquent for rape in the first degree by the Kent County Family Court in Dover, Delaware, in April 2008. According to Delaware's statute, he was placed on Delaware's sex offender

registry on 30 July 2008, when he was fifteen years old.

Defendant subsequently moved to North Carolina and was notified in March 2022 to register with North Carolina's sex offender registry. Defendant filed a Petition for Judicial Determination of Sex Offender Registration Requirement the same month.

North Carolina statutes treat juveniles, who are convicted of sex crimes, differently than adults, who are required to register. At the hearing, Defendant argued his juvenile adjudication from Delaware, which required registration, did not qualify as a reportable conviction under the applicable North Carolina statute. Defendant argued, if he had committed the same offense as a juvenile in North Carolina, he would not be required to register as a sex offender.

While a juvenile adjudicated delinquent for a North Carolina sexual offense is not generally required to register on North Carolina's adult sex offender registry, pursuant to N.C. Gen. Stat. § 7B-2412 (2023), two statutory exceptions exist. The first exception is for "a juvenile who is tried and convicted as an adult for committing or attempting to commit a sexually violent offense or an offense against a minor." N.C. Gen. Stat. § 14-208.32 (2023). Those juveniles are treated as adults and, upon conviction, are required to register on the adult sex offender registration list. *Id.*

The second exception provides a list of six offenses, which, if committed by a juvenile eleven years old or older, may require registration on the adult sex offender registration list. N.C. Gen. Stat. § 14-208.26 (2023). "If the court finds that the

juvenile is a danger to the community, then the court shall consider whether the juvenile should be required to register." *Id.* The determination is made by a judge at a dispositional hearing. *Id.* The trial court rejected Defendant's argument and concluded he was required to register on North Carolina's sex offender registry. *Id.*

Defendant was convicted of first-degree rape of a minor in Delaware. The trial court found the crime Defendant had committed in Delaware was substantially similar to North Carolina's first-degree statutory sexual offense, N.C. Gen. Stat. § 14-27.29 (2023). The court checked the requisite substantial similarity box on the "Petition and Order for Judicial Determination of Sex Offender Registration Requirement" form.

The trial court also checked a box labeled "Other." N.C. Gen. Stat. § 14-27.29, which is the North Carolina offense the trial court found to be substantially similar to Defendant's Delaware conviction, and is one of the six offenses listed in the exception outlined in N.C. Gen. Stat. § 14-208.26 (2023). Defendant was older than the eleven-year-old minimum age when he committed the offense in Delaware. *See* N.C. Gen. Stat. § 14-208.26(a) (2023). On its order, the trial court noted the North Carolina analogue of Defendant's Delaware adjudication fell within one of the two statutory exceptions requiring juvenile sex offender registration in North Carolina. The trial court found, "Defendant is also required to register in Delaware and would be required to register pursuant to N.C.G.S. 14-208.26."

Defendant filed timely notice of appeal.

## II.    Jurisdiction

This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

## III.    Substantially Similar Offense

### A. Issue

The issue is whether the trial court erred by determining Defendant's juvenile adjudication in Delaware was a final conviction substantially similar to the reportable North Carolina offense of first-degree statutory sexual offense and requiring Defendant to register in this state as a sex offender upon his change of residency to North Carolina.  N.C. Gen. Stat. § 14-208.26(a) (2023).

### B. Standard of Review

Matters of statutory interpretation are reviewed *de novo*.  *State v. Fritsche*, 385 N.C. 446, 449, 895 S.E.2d 347, 349 (2023).  "Statutory interpretation properly begins with an examination of the plain words of the statute."  *Correll v. Div. of Soc. Servs.*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992) (citation omitted).  "If the statutory language is clear and unambiguous, the court eschews statutory construction in favor of giving the words their plain and definite meaning."  *State v. Beck*, 359 N.C. 611, 614, 614 S.E.2d 274, 277 (2005) (citation omitted).

"The maxim *ejusdem generis . . .* is founded upon the obvious reason that if the legislative body had intended the general words to be used in their unrestricted sense the specific words would have been omitted."  *Meyer v. Walls*, 347 N.C. 97, 106, 489

S.E.2d 880, 885 (1997). "Where one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability." *Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 238, 328 S.E.2d 274, 279 (1985).

## C. Analysis

Defendant argues his Delaware juvenile adjudication does not qualify as a final conviction and asserts a juvenile adjudication is explicitly excluded from the definition of criminal conviction in North Carolina. *See* N.C. Gen. Stat. § 7B-2412 (2023) ("An adjudication that a juvenile is delinquent . . . shall neither be considered [a] conviction of any criminal offense nor cause the juvenile to forfeit any citizenship rights."). Defendant asserts he would not be required to register as a sex offender if he had committed the same offense in North Carolina. The State asserts the relevant factor for whether a "final conviction [committed] in another state" is substantially similar depends on whether the adjudication qualifies as a reportable conviction and requires subsequent registration within the jurisdiction that issued it. N.C. Gen. Stat. § 14-208.6(4)(b) (2023).

North Carolina requires an out-of-state person with a reportable sexual offense conviction, who enters this state, to register as a sex offender within three business days of establishing residency or within fifteen days of being present in the State, whichever comes first. N.C. Gen. Stat. § 14-208.7(a) (2023).

N.C. Gen. Stat. § 14-208.6(4) (2023) provides a list of reportable convictions.

Subsection (b) is contained in that list, and it has two parts. N.C. Gen. Stat. § 14-208.6(4)(b) (2023). One reportable conviction is "[a] final conviction in another state of an offense, which if committed in this State, is *substantially similar* to an offense against a minor or a sexually violent offense as defined by this section . . . ." N.C. Gen. Stat. § 14-208.6(4)(b) (emphasis supplied). Under that subsection, an out-of-state conviction is also reportable if it is "a final conviction in another state of an offense that requires registration under the sex offender registration statutes *of that state*." N.C. Gen. Stat. § 14-208.6(4)(b) (emphasis supplied).

Defendant's Delaware rape of a minor conviction is a reportable offense under both subparts of N.C. Gen. Stat. § 14-208.6(4)(b). Defendant's argument is without merit.

### 1. *"Substantially Similar" Requirement in N.C. Gen. Stat. § 14-208.6(4)(b)*

Defendant's argument overlooks the two statutes permitting a juvenile, who committed certain sexual offenses, to be required to register on the adult sex offender registration in North Carolina. "[A] juvenile who is tried and convicted as an adult for committing or attempting to commit a sexually violent offense or an offense against a minor" is required to register on the adult sex offender registration. N.C. Gen. Stat. § 14-208.32 (2023). N.C. Gen. Stat. § 14-208.26 also permits trial courts to require juveniles eleven years old or older, who are convicted of certain sexual offenses, to register on the adult sex offender registration list. N.C. Gen. Stat. § 14-

208.26 (2023) (permitting trial judges to require juveniles eleven years or older who have committed an offense outlined in N.C. Gen. Stat. §§ 14-27.21 (first-degree forcible rape), 14-27.22 (second-degree forcible rape), 14-27.24 (first-degree statutory rape), 14-27.26 (first-degree forcible sexual offense), 14-27.27 (second-degree forcible sexual offense), or 14-27.29 (first-degree statutory sexual offense) to register on the adult sex offender registration list, if the trial court finds and concludes, "the juvenile is a danger to the community").

Here, Defendant was convicted of first-degree rape of a minor in Delaware under 11 Del. C. § 773(a)(6) (2008). The trial court found and concluded the crime Defendant had committed in Delaware was substantially similar to North Carolina's first-degree statutory sexual offense, N.C. Gen. Stat. § 14-27.29 (2023).

N.C. Gen. Stat. § 14-27.29 is one of the offenses listed in the exception requiring registration for certain offenses committed by juveniles, as outlined in N.C. Gen. Stat. § 14-208.26(a) (2023). Defendant was thirteen or fourteen years old when he committed the offense in Delaware, which exceeds the eleven-year-old minimum. N.C. Gen. Stat. § 14-208.26(a) (2023). If Defendant had committed the same offense in North Carolina he had committed in Delaware, North Carolina law would also permit Defendant to be required to register as a sex offender, if the trial court made certain findings. *Id.*

Defendant was required to register as a sex offender in North Carolina pursuant to the substantially similar offense requirement, as scheduled in N.C. Gen.

Stat. § 14-208.6(4)(b) (2023). *See also* N.C. Gen. Stat. §§ 14-208.26(a), 14-27.29, and 14-208.7(a) (2023).

### 2. *Statutory Interpretation of the Portion of N.C. Gen. Stat. § 14-208.6(4)(b) Requiring Registration for an Out-of-State Offense if Registration is Required Pursuant to the "Statutes of that State"*

While Defendant's argument and the State's response focuses more on the first part of N.C. Gen. Stat. § 14-208.6(4)(b), the second part of the statute also indicates Defendant's Delaware sexual offense conviction was a reportable conviction in North Carolina.

N.C. Gen. Stat. § 14-208.6(4)(b) provides a "final conviction in another state of an offense that *requires registration under the sex offender registration statutes of that state*" is a reportable conviction in North Carolina. *Id.* (emphasis supplied). This text indicates the General Assembly designated the applicable law to be the law of the jurisdiction where the offense was adjudicated. *See id.* Here, the applicable law is the State of Delaware.

"When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006). The plain text of the phrase "final conviction in another state" supports the State's argument regarding the applicability of the statute. N.C. Gen. Stat. § 14-208.6(4)(b) (2023). The phrase "in another state" modifies "final conviction," meaning the conviction is under the law of the other state.

*Id.* The plain text indicates the application of the law of "another state" applies to and modifies "conviction." *Id.* Further, the text specifies the relevant inquiry is whether the offense is a reportable offense requiring registration according to the statutes "of *that state.*" *Id.* (emphasis supplied).

Additionally, "a statute must be considered as a whole and construed, if possible, so that none of its provisions shall be rendered useless or redundant. It is presumed [ ] the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage." *Porsh Builders, Inc. v. City of Winston-Salem*, 302 N.C. 550, 556, 276 S.E.2d 443, 447 (1981).

Defendant's asserted construction and reading of the statute fails to give effect to the phrase "in another state," as the section would operate the same as if the phrase were not included. *See* N.C. Gen. Stat. § 14-208.6(4)(b) (2023). The only reading to avoid rendering "in another state" to be mere surplusage is a reading where conviction is a "conviction" requiring registration under the laws of the other state, according to that state's laws. *Porsh Builders, Inc.,* 302 N.C. at 556, 276 S.E.2d at 447.

Delaware law applies in this case, where Defendant's adjudication qualifies as a final conviction mandating registration. Under Delaware law regarding sex offender registry, the term "conviction" includes adjudications of delinquency. 11 Del. C. § 4121(a)(2) (2008) ("'Conviction' and 'convicted' shall include, in addition to their ordinary meanings, adjudications of delinquency . . . .").

Defendant claims Delaware law is unsettled on this point and only sometimes considers an adjudication as a conviction, pointing to 10 Del. C. § 1002(a) (2008) ("[N]o child shall be deemed a criminal by virtue of an allegation or adjudication of delinquency[.]"). Defendant argues it would be inappropriate to apply the apparent understanding of Delaware law without a firmer definition of "final conviction."

Despite Defendant's contentions, no such ambiguity exists of what Delaware law considers to be a final conviction. 10 Del. C. § 1002(a) bears on the criminal status of the delinquent, but it does not speak to the status of the resulting adjudication itself. Nothing in 10 Del. C. § 1002(a) prevents an adjudication from functioning as a conviction in other contexts, which 11 Del. C. § 4121(a)(2) unmistakably requires in the context of sex offender registration. "Where one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability." *Trustees of Rowan*, 313 N.C. at 238, 328 S.E.2d at 279.

N.C. Gen. Stat. § 7B-2412 generally excludes juvenile adjudications from the category of convictions, whereas 11 Del. C. § 4121(a)(2) includes adjudications in the category of convictions specifically in the context of sex offender registration. As the more specific statute, 11 Del. C. § 4121(a)(2) controls here. Defendant has a "final conviction in another state," Delaware, and "that state" required Defendant to register as a sex offender. N.C. Gen. Stat. § 14-208.6(4)(b) (2023). A reportable conviction under another state's law is a reportable conviction under N.C. Gen. Stat.

§ 14-208.6(4)(b). Defendant was required to register as a sex offender in North Carolina pursuant to N.C. Gen. Stat. § 14-208.6(4)(b) (2023). Defendant's argument is without merit and overruled.

### a. *State v. Melton*

Defendant also contends it is inappropriate to rely upon Delaware law because our Supreme Court has rejected reliance on out-of-state frameworks, which deviate materially from North Carolina's laws, citing *State v. Melton*, 371 N.C. 750, 758, 821 S.E.2d 424, 429 (2018), as support. In *Melton*, this Court relied upon precedents of other jurisdictions to determine whether the defendant had committed an overt act to support an attempted murder charge. *Id.* at 756-58, 821 S.E.2d at 428-29. Our Supreme Court rejected the analysis because those jurisdictions derived their law on attempted crimes from a statutory framework materially different from North Carolina's attempt crimes. *Id.*

The present case is distinguishable from *Melton* because it involves applying a North Carolina statute that incorporates the law of other jurisdictions into its rules of decisions. The disparity between the law of North Carolina and another jurisdiction is irrelevant when the General Assembly chose to apply the law of the other jurisdiction in this specific circumstance. *See* N.C. Gen. Stat. § 14-208.6(4)(b) (2023).

### b. *Rule of Lenity*

Finally, Defendant invokes the rule of lenity to argue the statute should be

construed most favorably to him. The rule of lenity is only applicable to text that is ambiguous. "Our Supreme Court has declined to apply the rule of lenity to interpret a criminal statute when the statute only has one plausible reading that comports with the legislative purpose of enacting the statute." *State v. Heavner*, 227 N.C. App. 139, 144, 741 S.E.2d 897, 902 (2013) (citations and internal quotations omitted).

"The rule of lenity is reserved for cases where, after seizing everything from which aid can be derived, the Court is left with an ambiguous statute." *In re Pellicciotti*, 285 N.C. App. 451, 459, 878 S.E.2d 155, 162 (2022) (quotations omitted). Clarity and principles of statutory interpretation overwhelmingly support no ambiguity is present in N.C. Gen. Stat. § 14-208.6(4) (2023). The rule of lenity is inapplicable to this case. *Id.*

## IV.  Conclusion

The text of N.C. Gen. Stat. § 14-208.7(a) requires an individual "who is a State resident and who has a reportable conviction" to register as a sex offender. N.C. Gen. Stat. § 14-208.6(4) provides a list of reportable convictions, and both parts of subsection (b) require Defendant to register on the sex offender registry list in North Carolina. N.C. Gen. Stat. § 14-208.6(4)(b) (2023). *See* N.C. Gen. Stat. §§ 14-208.26(a), 14-27.29, and 14-208.7(a) (2023); 11 Del. C. § 773(a)(6) (2008). Defendant's argument is without merit. We affirm the trial court's order requiring Defendant to register as a sex offender. *It is so ordered.*

AFFIRMED.

Judges ZACHARY and COLLINS concur.